IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROBERTO PASTOR-ALMEIDA,**      :
                                 :
    **Plaintiff**            :    CIVIL NO. 1:CV-04-1643
                                 :
    v.                       :    (Judge Rambo)
                                 :
**JOHN ASHCROFT,** *et al.,*     :
                                 :
    **Defendants**           :

## MEMORANDUM and ORDER

Plaintiff, Roberto Pastor-Almeida, while a Bureau of Immigration and Customs Enforcement ("BICE") detainee at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania, commenced the present *pro se Bivens*[1] action. Currently pending is Defendants' motion for a stay (Doc. 20). Plaintiff was among the thousands of Cuban citizens who entered this country from Mariel, Cuba during the 1980 boatlift.[2] The complaint challenges the legality of Plaintiff's detention and alleges that Plaintiff suffered physical injuries during his detention.

---

1. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

2. In 1980, approximately 125,000 Cubans departed from the Mariel Harbor and entered the United States. The details of Plaintiff's departure from Cuba and arrival in the United States are fully set forth in this court's order dated October 25, 2004 (Doc. 9) in Civil Action No. 1:CV-04-1487.

Plaintiff has initiated other litigation in this court, Civil Action No. 1:CV-04-1487, in which he sought habeas relief for his allegedly unlawful detention. Recently, a service copy of an order mailed to Pastor-Almeida in the other litigation was returned as undeliverable. Upon inquiry, the court has learned that Petitioner was released on supervision, on August 9, 2005, and the court no longer has a valid address to contact Plaintiff.

On July 29, 2004, Plaintiff was provided with a copy of this Court's Standing Practice Order (Doc. 3) which provides, in relevant part, as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the Court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 3 at 4.)

When a party fails to comply with an order of court, dismissal of the action is appropriate. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). A review of the record reveals that Plaintiff has failed to notify the Court of his current address. Consequently, he has failed to comply with the requirements of the Court's Standing Practice Order and he is deemed to have abandoned his

lawsuit.  Moreover, since Plaintiff's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue.

The Court is satisfied that dismissal of this action, pursuant to the provisions of Fed. R. Civ. P. 41(b), is appropriate in the present circumstances.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1) Plaintiff's complaint is **DISMISSED**, with prejudice, for failure to comply with an order of court and failure to prosecute.

2) Defendants' motion for stay (Doc. 20) is dismissed as moot and therefore **DENIED**.

3) The Clerk of Court is directed to close this case.

4) Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated:  December 12, 2005.